IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT PLADA, | § | |
| | § | |
| *Plaintiff,* | § | SA-21-CV-00685-OLG |
| | § | |
| vs. | § | |
| | § | |
| RASHIN MAZAHERI, ATTORNEY, | § | |
| INDIVIDUAL CAPACITY AND | § | |
| OFFICIAL CAPACITY; DAVID A. | § | |
| CANALES, JUDGE, INDIVIDUAL | § | |
| CAPACITY AND OFFICIAL | § | |
| CAPACITY; SOL CASSEB, JUDGE, | § | |
| INDIVIDUAL CAPACITY AND | § | |
| OFFICIAL CAPACITY; JOHN | § | |
| GABRIEL, JUDGE, INDIVIDUAL | § | |
| CAPACITY AND OFFICIAL | § | |
| CAPACITY; PETER SAKAI, JUDGE, | § | |
| INDIVIDUAL CAPACITY AND | § | |
| OFFICIAL CAPACITY; KASSANDRA | § | |
| LEVAY, CHILD THERAPIST, | § | |
| INDIVIDUAL CAPACITY AND | § | |
| OFFICIAL CAPACITY; LETA SCHMID, | § | |
| CHILD PLAY THERAPIST, | § | |
| INDIVIDUAL CAPACITY AND | § | |
| OFFICIAL CAPACITY; LISA VANCE, | § | |
| ATTORNEY, INDIVIDUAL CAPACITY | § | |
| AND OFFICIAL CAPACITY; MIGUEL | § | |
| ORTIZ, ATTORNEY, INDIVIDUAL | § | |
| CAPACITY AND OFFICIAL | § | |
| CAPACITY; MONIQUE DIAZ, JUDGE, | § | |
| INDIVIDUAL CAPACITY AND | § | |
| OFFICIAL CAPACITY; AND LAURA | § | |
| SALINAS, JUDGE, INDIVIDUAL | § | |
| CAPACITY AND OFFICIAL | § | |
| CAPACITY; | § | |
| | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

Before the Court in the above-styled cause of action is Plaintiffs' *pro se* Application to

Proceed in District Court without Prepaying Fees or Costs and proposed civil Complaint, filed

July 20, 2021 [#1].  The motion was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A).  By his motion, Plaintiff Robert Plada seeks leave to proceed in forma pauperis ("IFP") based on the inability to afford court fees and costs.  Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP but recommend that Plaintiff's case be dismissed as frivolous under 28 U.S.C. §1915(e).

## I.  Analysis

**A.      Plaintiff's motion to proceed IFP should be granted.**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that, although Plaintiff is employed and receives a significant income, he attests that all of his accounts are subject to liens and he has no access to his income.  This information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

**B.      Plaintiff's Complaint should be dismissed as frivolous.**

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  "A complaint is frivolous if it lacks an arguable basis in law or in fact."  *Biliski v. Harborth*, 55 F.3d

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

160, 162 (5th Cir. 1995). A complaint lacks an arguable basis in law if it is based on "an indisputably meritless legal theory." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). This court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

This case arises out of a family law dispute. Plaintiff sues his ex-wife, who is an attorney licensed in the State of Texas, as well as a number of Bexar County judges, attorneys, and therapists involved in his divorce and custody proceedings. Plaintiff alleges that Defendants have conspired against him to deprive him of his legal rights to custody over his children, his personal property, and his business. Plaintiff asks the Court to restore his custody over his two children, issue him monetary relief for his lost wages and other property, and enter restraining orders against all named Defendants to protect him for further legal abuse.

Plaintiff's case must be dismissed for lack of jurisdiction. In addition to suing numerous individuals who are immune from suit under such doctrines as judicial immunity, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991), this Court lacks jurisdiction over lawsuits seeking to collaterally attack state court judgment and to modify child support orders and related family law matters. Under the *Rooker-Feldman* doctrine, an individual may not file a civil rights suit in federal court to collaterally attack a state civil judgment. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The *Rooker-Feldman* doctrine establishes that a federal court lacks subject matter jurisdiction when issues in federal court are "inextricably

intertwined" with a final state court judgment.  *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995).

The Fifth Circuit has repeatedly recognized that the *Rooker-Feldman* doctrine is "narrow" and only applies when "the plaintiff seeks the review and rejection of a state court judgment."  *Saloom v. Tex. Dep't of Family & Child Protective Servs.*, 578 Fed. App'x 426, 428–29 (5th Cir. 2014).  Therefore, there are some circumstances in which a federal lawsuit would not be barred under *Rooker-Feldman*, such as where the alleged injuries were caused by something other than the state court judgment itself.  *Id.*  These exceptions do not apply in this case, in which Plaintiff asks the Court to vacate a state-court judgment regarding his divorce and custody proceedings.  This is not the proper vehicle for Plaintiff to seek this relief.

## II.  Conclusion and Recommendation

Having considered Plaintiff's Complaint under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] be **GRANTED** but Plaintiff's case be **DISMISSED** pursuant to Section 1915(e).

## III.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party

filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 27th day of July, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE